# WEBSTER L. BENHAM, Appellant, v. CITY OF MAR-CELINE, a Municipal Corporation, Respondent.

### In the Kansas City Court of Appeals, May 21, 1923.

1. **MUNICIPAL CORPORATIONS: Contracts: Construction: Engineering Firm Employed by City to Plan Sewer System Held Entitled to Compensation Fixed by Contract, and That Services Rendered Were Such as Were "Deemed Advisable" Under Provisions of Contract, Although City Decided Later Not to Construct Sewer System.** In an action for services performed under the terms of a city's contract employing engineers to prepare plans, make surveys and full and complete report covering all features of the work including estimates of cost, method of sewage disposal, together with necessary descriptive maps, etc., and which fixed their compensation at a percentage of cost of work, to be paid "upon presentation of final detailed plans and specifications for such portion of the work which the city council should deem advisable to construct" where city council approved preliminary report and plans and directed the preparation of complete plans, etc., which engineers did, *held* they were entitled to the agreed compensation, as the council in accepting preliminary plans and directing preparation of final plans and specifications evidently "deemed advisable" the construction of the portion of the sewer system so embraced in the plans presented, although city later decided not to build any of the sewers.

2. ———: **Ordinances: Statute Providing That Every Bill That Contemplates Payment of Money Shall be Referred to Treasurer, Held Not Applicable to Ordinance Authorizing Contract of Employment of Engineering Firm by the City for Preparation of Plans and Specifications.** Section 8285, Revised Statutes 1919, providing that every bill that contemplates payment of money shall be referred to treasurer, *held* not applicable to an ordinance authorizing contract of employment of engineering firm to prepare plans and specifications for sewer system, but to apply only to ordinances directing payment for work done, or supplies actually furnished.

Appeal from the Circuit Court of Linn County.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*H. J. West* and *Clarence S. Palmer* for appellant.

*C. M. Kendrick* for respondent.

ARNOLD, J.—This is a suit for services performed under the terms of a written contract pursuant to an ordinance of the defendant city.

The amended petition alleges that defendant is a municipal corporation, existing as a city of the third class, under the Constitution and laws of Missouri; that plaintiff and one Arthur L. Mullergren were co-partners doing business at Kansas City, Mo., under the firm name of Benham & Mullergren. That on or about June 13, 1921, defendant employed said firm to perform certain professional services in connection with a proposed system of sewers in the defendant city; that the terms of the contract were specified in an ordinance of said city numbered 544, entitled "An ordinance in relation to the execution of a contract between the City of Marceline, Missouri, and the engineering firm of Benham & Mullergren, consulting engineers of Kansas City, Missouri, in regard to the surveys, plans, specifications, and other necessary data, for the proposed sanitary sewerage system for the city of Marceline, and presenting the conditions and considerations therefor." The said ordinance was approved June 13, 1921, and the contract executed by the parties on that date.

It is alleged that by the terms of said contract defendant employed said firm to prepare a report, maps, plans, specifications and estimates of cost for a complete sanitary sewer system and sewage disposal for defendant, and to make all preliminary investigations and surveys, to make a full and complete report covering all features of the work, including estimates of cost and construction, method of sewage disposal, extent and size of lateral and main sewers, and all other appurtenances necessary to a full understanding of the entire project, together with the necessary descriptive maps, charts

and diagrams; that it was further agreed that after the preparation and adoption of the preliminary report above referred to that said Benham & Mullergren were to prepare final surveys, make investigations for the system adopted by the city, and prepare complete detailed maps, plans, specifications and estimates of quantities and costs, including necessary notices, instructions to bidders, bidding blanks, forms for contract for bids, and everything necessary for the letting of the contract for the construction work on competitive bids; to attend to the letting of the construction work and advise defendant in all matters pertaining to the award of the contract; and that the contract further provided that the said Benham & Mullergren should perform certain other work in case a contract was awarded and the construction of said sewers was completed.

The petition further alleges that the contract provided that Benham & Mullergren, as compensation for said services, should be paid the amount of five per cent of the complete cost of the contract, of which amount three per cent of the estimated cost of the work should be paid upon presentation of final detailed plans and specifications for "such portion of the work which the city council should deem advisable to construct, or as soon thereafter as funds were available."

The petition also alleges that in accordance with the terms of said contract, said Benham & Mullergren proceeded to make surveys and to prepare the report as required by the contract; that said report was presented to the council of defendant city on or about September 19, 1921; that the report recommended the establishment of nine sewer districts and the construction of two joint district sewers which would constitute the main outlet sewers, and the construction of two disposal plants.

The city council, by resolution, approved the report and plans on September 19, 1921, and directed the preparation of complete plans, specifications and estimates

for such work, together with proper ordinances, in accordance with the terms of the contract for such improvements.

The petition further recites that in accordance with the provisions of said contract and resolution, Benham & Mullergren prepared all details as required; and that the completed plans and specifications were filed, as required, prior to December 5, 1921, and that on said date the city council passed ordinances establishing the nine sewer districts and two joint sewer districts and for the construction of district sewers in districts numbered 1, 2 and 3.

It is further alleged that prior to January 2, 1922, Benham & Mullergren prepared detailed estimates of the two joint district sewers and disposal plants, and of the district sewers in sewer districts 1, 2 and 3, provided for by the ordinances and filed the same with the city clerk, prior to the respective bids for the work; that the estimated amount for the work in the aggregate was $137,751.61. That bids were received thereon on January 2, 1922, and that the respective amounts of the bids were within the estimated cost thereof; but that at a subsequent meeting of the council the bids were opened and all rejected; and the council decided to proceed no further with the work of constructing the sewers at that time.

Plaintiff states that by virtue of the terms of the contract defendant became indebted to plaintiffs for three per cent of the estimated cost, or $4,132.55, and that on January 12, 1922, a claim was duly filed with defendant. That on January 2, 1922, and between that date and the time of the commencement of this action and between January 12, 1922, and the time of the commencement of this action, funds were available from which said claim could be paid, and that the amount of said indebtedness did not exceed the income and revenue of defendant for the current year.

Further plaintiff states that on or about April 1, 1922, the firm of Benham & Mullergren was dissolved

and that the plaintiff herein became the assignee of the claim involved herein. Judgment is sought in the sum of $4,132.55.

Defendant demurred to the petition on several grounds, only two of which were considered by the trial court. It was urged, first, that "because the petition did not allege that the ordinance initiating this contract was not referred to the treasurer for his endorsement to the effect that there were sufficient funds unappropriated in the treasury, in the fund covered by the ordinance to meet its requirements, the ordinance and contract were void." This point was ruled against defendant by the trial court and it is therefore out of the case.

The other ground of the demurrer was that because the provision for compensation provided that the amount should be a percentage upon "such portion of the work which the city council should deem advisable to construct," and because the council, when bids were received, rejected all bids and did not, at that time, proceed with the constructions of the sewer, there was nothing due the plaintiff. The court sustained the demurrer and rendered judgment in favor of defendant. Plaintiff appeals.

The assignments of error embrace the following: (1) That the trial court erred in sustaining defendant's demurrer to the petition, and (2) that the trial court erred in rendering judgment in favor of defendant.

The only question for our consideration is whether the amended petition states a cause of action. In support of the appeal plaintiff urges that the city has power to make a contract within the scope of its authority, the same as a private corporation. We think there can be no question but that this is a plain statement of the law. The point is not disputed by defendant and no ruling by this court is required thereon.

Plaintiff's second contention is likewise a statement of a basic rule governing the construction of contracts,

213 M. A.—42

to the effect that "in construing the contract the intention is to be collected not from the detached parts of the instrument, but from the whole of it, and all parts of the writing and every word in it will, if possible, be given effect." Again, defendant does not undertake to deny this well established rule, and it may therefore be accepted without further comment.

Defendant's attack was directed against the petition, in this, that it set out the contract containing the following clause which was underscored in the original, being a portion of Section 2 of the ordinance: "For such portion of the work as the city council shall deem advisable to construct, or as soon thereafter as funds are available."

It is clear from the record that defendant based its demurrer upon the theory that the petition on its face showed that the city council did not "deem it advisable" to construct any of the sewer, and this seems to have been the view entertained by the trial judge.

The petition charges, as above stated, that the firm of Benham & Mullergren was employed to make and report a complete plan for the construction of the entire sewer system and a disposal system, and that they should perform other work in case a contract was awarded. The petition further alleges that "as compensation for the services of said Benham & Mullergren . . . (they) should be paid the amount of five per cent of the complete cost of the project, of which amount three per cent of the estimated cost of the work should be paid upon presentation of the final detail plans and specifications for such portion of the work upon which the city council shall deem advisable to construct. . . ."

The petition furuther charges that in accordance with the terms of the contract, the necessary surveys were made and a report was presented to the city council recommending the establishment of nine district sewers as the entire system, and recommending the present construction of sewer districts No. 1, 2 and 3, and that

on September 19, 1921, the plan and report were approved by the city council by resolution, as follows:

"A resolution adopting preliminary plans and estimates for sanitary sewers and sewage disposal plants for the City of Marceline, Missouri, and instructing the engineer to prepare detailed plans and specifications for such work.

"Be it resolved by the council of the City of Marceline, Missouri, as follows:

"(1) That the preliminary plans and estimates of cost of sanitary sewers in Districts 1, 2, and 3 and two joint district sewers, which will constitute the main outlet sewers of said sewer districts and also Sewer Districts 4, 5, 6, 7, 8, and 9, as shown on plan herewith presented together with the two sewage disposal plants to purify the discharge from the two joint sewer districts, are hereby approved and adopted.

"(2) That Benham & Mullergren, consulting engineers, Kansas City, Mo., are hereby authorized and directed to prepare complete plans, specifications and estimates for such work together with the proper ordinances in accordance with the terms of contract for engineering work in connection with such sewer improvements.

"Passed and approved this 19th day of September, 1921.

(SEAL)                    City of Marceline, Missouri,
Attest: L. E. Shelton, By C. B. McAllister, Mayor.
          City Clerk."

The petition alleges that under the terms of the contract, Benham & Mullergren made final surveys in accordance with the provisions of this resolution, and that by so doing they complied with the terms of the contract and resolution, and were entitled to three per cent of the estimated cost thereof as remuneration, because the city council accepted the plans presented and directed the preparation of final plans and specifications as to district sewers 1, 2 and 3, and two joint district

sewers and the disposal plans. And that in so doing the council "deemed advisable" the construction of the portion of the sewer system so embraced in the plans presented.

We think this is a correct construction of the contract. Defendant urges that no plans and specifications or details of anything other, or less than the building of the entire project were submitted by the engineers whereby opportunity might have been given the city to build a portion of the enterprise.

This position is untenable in the face of the language of the resolution above set out in terms, in clauses 1 and 2, directing the preparation and submission of plans for only part of the entire undertaking. It cannot be successfully maintained, as conclusive, that because the entire system was not constructed that the constructing of part thereof was not deemed advisable. The fact that the city council, after accepting the detail plans and reports, and after directing the preparation of such plans and specifications decided later not to build any of the sewers, cannot deprive plaintiff of his remuneration.

Defendant urges in support of the demurrer that the ordinance making this contract came within the purview of section 8285, Revised Statutes 1919, wherein it is provided: "No check shall be drawn upon the city depository by the treasurer, except upon a warrant signed by the mayor and attested by the clerk. No warrant shall be drawn upon the treasurer, nor shall any ordinance be passed appropriating money, unless there be an unexpended balance to the credit of the city, in the fund upon which such warrant is drawn to meet such warrant, or a sufficient sum of unappropriated money in the fund upon which such ordinance is drawn to meet such ordinance."

It is obvious that this part of the section refers only to ordinances appropriating money, or the authorization of the drawing of warrants. It is urged, however, that the following clause of the statute prevented the city

from entering into any agreement whatever that might involve the payment of money: "Every bill that contemplates the payment of money shall, upon its second reading, be referred to the treasurer for his indorsement, to the effect that a sufficient sum stands to the credit of the city, unappropriated, in the fund covered by such ordinance, to meet the requirements of such bill, etc."

We cannot accept this estimate of the clause above quoted, nor can we say that because the council saw fit by ordinance to employ plaintiff to present plans and specifications for a sewer system, that such ordinance was a direction of the payment of money.

This point was determined against the contention of defendant in the case of Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 188, l. c. 193, where it is said:

"The further objection that the contract is void, because the ordinance was not referred to the city treasurer, on the second hearing, for his statement to be endorsed thereon that a sufficient sum of money stood to the credit of the treasury, and unappropriated, to meet the requirements of the ordinance, was also properly overruled. Sections 1623, 1629, Revised Statutes 1889, have no application to ordinances like the one in question. They apply to ordinances which direct warrants to be issued on the treasury or operate as warrants; but they do not apply to ordinances which are contracts or direct contracts to be made for the performance of work or furnishing supplies in the future. When the work is done or the supplies furnished, then an ordinance directing payment for the work or supplies should be referred to the treasurer for his certificate."

The sections there referred to are substantially the same as section 8285, Revised Statutes 1919, and insofar as the question here involved is concerned, the language is identical.

For the reasons herein expressed, we hold the petition stated a cause of action and that the trial court

erred in sustaining defendant's demurrer thereto. The judgment is reversed and the cause remanded. All concur.